UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23507-CIV-Martinez-McAliley

DEREK T. HORNE

    Plaintiff,

vs.

ERIC HOLDER, ATTORNEY GENERAL
UNITED STATES OF AMERICA, FEDERAL
BUREAU OF PRISONS,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

The Plaintiff, Derek T. Horne, and Defendant, Eric Holder, Attorney General of the United States, by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26 (f) and Local Rule 16 (b), file their Joint Scheduling Report addressing discovery and other pretrial issues.

I.    **REPORT OF THE PARTIES' CONFERENCE PURSUANT TO LOCAL RULE 16.1(B) (2)**

    (A)    **Likelihood of Settlement:**

    Parties plan to make efforts to settle case.

    (B)    **Likelihood of Appearance in the Action of Additional Parties:**

    Unlikely

    (C)    **Proposed limits on the time:**

        i.    **To Join Other Parties and to Amend the Pleadings:**

The Parties request that parties be joined and that the pleadings be amended no later than October 1, 2013.

### ii. To File and Hear Motions:

The Parties request that all dispositive pre-trial motions and memoranda of law including all motions for summary judgment and motions for judgment on the pleadings be directed to be filed on or before June 15, 2014. The Parties have further agreed that all motions in limine shall be filed and served in accordance with Local Rule 16.1(J).

### iii. To Complete Discovery:

The Parties request that all discovery be directed to be completed on or before May 15, 2014. The Parties have further agreed that in order to comply with the discovery cut-off, written discovery must be served on or before thirty (30) days before the discovery cut-off.

**(D). Proposals for the Formulation and Simplification of the Issues, including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment:**

Counsel shall meet before the Pretrial Conference or Calendar Call to discuss any proposals for the formulation and simplifications of the issues. Otherwise, none at this time.

**(E). The Necessity or Desirability of Amendments to the Pleadings:**

Plaintiff has filed a Motion to amend the Complaint to conform the damage claims in the various counts to separate the age discrimination claims from the race and color claims as well as to clarify the hostile work environment and disability claims. The Defendant has no objection. The parties have drafted the Joint Scheduling Report to correspond to the Third Amended Complaint.

**(F) The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information of Things which will avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advanced Rulings from the Court on Admissibility of Evidence**

Counsel will meet as soon as practicable to discuss electronic discovery, and before the pre-trial conference to discuss stipulations regarding the authenticity of documents, admissions of fact, and the need for advanced rulings from the Court on the admissibility of evidence.

**(G). Suggestions for the Avoidance of Unnecessary Proof and of Cumulative evidence:**

At this time, the Parties have no suggestions for the avoidance of unnecessary proof and cumulative evidence, but will endeavor to find ways to litigate this case efficiently.

**(H). Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master:**

The Parties do not consent to referring any matters to the Magistrate Judge or Master assigned to this case except discovery motions.

**(I). Preliminary Estimate of the Time Required For Trial:**

The Parties estimate a 4 to 5 day jury trial following voir dire.

**(J). Requested Date or Dates for Conferences before Trial, a final Pretrial Conference, and Trial:**

The Pre-Trial Conference shall be held on October 1, 2014 and Trial date shall be October 6, 2014.

**(K) Any Other Information that Might be Helpful to the Court in setting the Case for Status or Pretrial Conference:**

None at this time.

**(1) Whether the Trial will be by Jury or Non Jury.**

The Trial will be by Jury

**(2). An Outline of the Legal Elements of Each Claim and Defense Raised by the Pleadings:**

3

**Plaintiff's Count I For Race and Color**

In this case, the Plaintiff as employee makes a claim under the Federal Civil Rights Statutes (Title VII) that prohibits the defendant as his employer from discriminating against the Plaintiff the employee in the terms and conditions of his employment because of the employee's race and color. More specifically, the Plaintiff claims that he was denied equal employment opportunity for the wages and other terms and conditions of employment by the Defendant as referenced in Count I in the Complaint.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that decisions regarding Plaintiff's terms of employment were made without regard to his race or color. In order to prevail on this claim, the Plaintiff has to prove each of the following facts by a preponderance of the evidence:

    First:    That the Plaintiff was denied equal opportunity for wages, and other terms and conditions of employment by the Defendant; and

    Second:    That the Plaintiff's race and color were a substantial or motivating factor that prompted the Defendant to take the action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may deny wages, promotion and other terms and conditions of employment of an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the actions taken by it were for other reasons even in the absence of consideration of the Plaintiff's race.

**Plaintiff's Count II for Age Discrimination**

In this case, the Plaintiff employee claims that the Defendant employer discriminated against him by sending him home without pay, and by denying him reasonable accommodation and by committing other adverse employment actions because of the Plaintiff's age. The Defendant denies that Plaintiff was discriminated against and instead asserts that Defendant's actions were non-discriminatory and without regard to Plaintiff's age. Under Federal law, it is unlawful for an employer to discharge or lay off or otherwise discriminate against any employee because of that employee's age, when the employee is of at least 40 years of age. In order to prevail on this claim, the Plaintiff must prove each of the facts by a preponderance of the evidence:

| | |
|---|---|
| First: | That the Plaintiff was within the protected age group, that is being at least 40 years of age. |
| Second: | That the Plaintiff was employed by the Defendant and subsequently was sent home without pay, denied reasonable accommodation and other adverse employment actions by the Defendant; and, |

5

> Third: That the Plaintiff's age was a substantial or motivating factor that prompted the Defendant to take action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's age. So far as you are concerned in this case, an employer may adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favored treatment to employees in the protected age group.

On the other hand, it is not necessary for the Plaintiff to prove that age was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that age was a determining consideration that made a difference in the Defendant's decision.

**Plaintiff's Count III for Retaliation**

Under Title VII and the Rehabilitation Act, the laws prohibiting discrimination in the workplace, also prohibit any retaliatory action being taken against the Plaintiff employee by the Defendant employer because the plaintiff has asserted rights or made complaints under those laws or has opposed any practice made unlawful by those laws, including discrimination and retaliation. So even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such complaint or having opposed such a practice if the trier of fact finds that the Plaintiff as employee made the complaint or opposed the practice as a means of seeking to enforce what the employee believed in good faith to be his or someone else's lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that his belief in this regard

was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable. In order to establish the claim or unlawful retaliation, the Plaintiff must prove by preponderance of the evidence the following four elements:

| | | |
|---|---|---|
| First: | | That he engaged in statutorily protected activity, that is, that he in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by Federal Law; |
| Second: | | That one or more adverse employment action then occurred; |
| Third: | | That the adverse action was causally related to the Plaintiff's statutorily protected activities; and |
| Fourth: | | That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action. |

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's protected activity was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that the protected activity was a determinative consideration that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may adversely affect an

employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the actions would have occurred for other reasons even in the absence of the statutorily protected activity. If you find that the Plaintiff would have been adversely affected for reasons apart from the statutorily protected activity, then your verdict should be for the Defendant.

### Plaintiff's Count IV for Disability Discrimination Including Failure to Reasonably Accommodate Disability

In this case the Plaintiff claims that the Defendant discriminated against the Plaintiff because the Plaintiff had a "disability" within the meaning of a federal law known as the Rehabilitation Act.

The Defendant denies that it discriminated against the Plaintiff in any way and asserts that Plaintiff's restrictions were accommodated by Defendant.

Under the Rehabilitation Act 29 USC Sec. 791 it is unlawful for the Defendant as the Plaintiff's employer to discriminate against the Plaintiff-employee because of the Plaintiff's Disability if the Plaintiff is qualified to do the Job with a reasonable accommodation of the Plaintiff's disability by the Defendant.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence;

    First:     That the Plaintiff had a "disability" as hereby defined;

|  |  |
|---|---|
| Second: | That the Plaintiff was a "qualified individual," as hereafter defined; |
| Third: | That the Plaintiff was the subject of one or more of the acts as referred in Count IV of the Complaint; and |
| Fourth: | That the Plaintiff's disability was a substantial or motivating factor that prompted the Defendant to take this action. |

Definition of "Disability"

The first fact that the Plaintiff must prove by a preponderance of the evidence is that he has a "disability." An individual with a "disability" is a person who has a physical or mental impairment that substantially limits one or more major life activities [or a person who is "regarded" as having such an impairment] [or a person who has a record of having such an impairment].

A "major life activity' refers to those activities that are of central importance to daily life as distinguished from tasks associated with a particular job. Examples of major life activities are caring for oneself, performing manual tasks around the home, walking, talking, seeing, hearing, breathing, learning, and essential capabilities necessary for working in a broad class of jobs.

The term "substantially" means considerable or to a large extent, and does not include an impairment that interferes in only a minor way with performing common tasks. Thus, an impairment substantially limits one or more major activities if that impairment prevents or severely restricts the individual from doing the kinds of activities that are of central importance to most people's daily lives.

Three factors you should consider in determining whether the Plaintiff's alleged impairment substantially limits a major life activity are (1) its natural and severity; (2) how long it will last or is expected to last; and (3) its permanent or long term impact, or expected impact. Temporary injuries and impairments of limited duration are not disabilities under the ADA. [In

9

addition, if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effect of those measures – both positive and negative – must be taken into account when judging whether that person is substantially limited in a major life activity.]

Plaintiff has alleged that his impairment substantially limited Plaintiff's ability to work. Working is a major life activity; however, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Indeed, an individual is substantially limited in the major life activity of working only if he is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether the Plaintiff's impairment substantially limited his ability to work, you should consider the three factors already mentioned relating to the severity, duration and lasting effect of the impairment. In addition, you may also consider: (1) the geographical area to which the individual has reasonable access; (2) the number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from which the individual is also disqualified because of the impairment; and (3) the number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which the individual is also disqualified because of the impairment.

Definition of "Qualified"

The second fact that the Plaintiff must prove by a preponderance of the evidence is that he was qualified for the job in question at the time of the challenged employment decision notwithstanding his disability. The Rehabilitation Act does not require an employer to hire, retain or promote an individual who cannot perform the job.

In order to prove that he was qualified, the Plaintiff must establish: (1) that the Plaintiff possessed the requisite skill, experience, education and other job related requirements of the job

in question; and (2) that the Plaintiff was capable of performing all of the essential functions of the job in question, despite any disability, with or without reasonable accommodation by Plaintiff's employer.

To the extent that the Plaintiff contends that a particular function is not essential to the job, the Plaintiff also bears the burden of proving that this function is not, in fact essential.

(a) Definition of "Essential Functions"

The essential functions of a position are the fundamental job duties of that position. The term "essential functions" does not include the marginal functions of the position. A job duty or function may be considered essential because, among other things, one of the reasons the job exists is to perform that function; or because there are limited number of employees available among whom the performance of that job function can be distributed; or because the function is highly specialized and the incumbent in the position was hired for his or her expertise or ability to perform that particular function. Evidence of whether a particular function is essential includes, but is not limited to, the employer's own judgment as to which functions are essential; the existence of written job descriptions prepared before advertising or interviewing applicants for the job; the amount of time spent on the job performing the function; the consequences of not requiring the incumbent to perform the function; the terms of a collective bargaining agreement, if applicable; the work experience of past incumbents in the job; and/or the current work experience of incumbents in similar jobs. Further, in addition to the particular requirements of a specific job, an employer may have general requirements for an employee in any position. For example, the employer may expect employees to refrain from abusive or threatening conduct toward co-workers or the public, or may require a regular and reliable level of attendance by the employee.

(b) Definition of "Reasonable Accommodation"

Even if the Plaintiff was not able to perform all of the essential functions of the job due to limitations arising from a disability, the Plaintiff may still prove that he was "qualified" for the job if the Plaintiff has proved (1) that the Plaintiff could have performed all of the essential functions of the position with a "reasonable accommodation;" and (2) that the Plaintiff identified and requested this accommodation from the employer.

A "reasonable accommodation" is a change that can reasonably be made without undue hardship to the employer in the employer's ordinary work rules, facilities, or terms and conditions of employment.

In order to prove that he would have been qualified for the job if the Plaintiff had received a reasonable accommodation, the Plaintiff must prove each of the following facts:

First:   That the Plaintiff informed the Defendant of the substantial limitations arising out of the Plaintiff's disability;

Second:  That the Plaintiff identified and requested an accommodation;

Third:   That the requested accommodation was reasonable, was available and would have allowed the Plaintiff to perform the essential functions of the job; and

Fourth:  That the Defendant unreasonably refused to provide that accommodation.

So, the first fact that the Plaintiff must prove is that he informed the Defendant of the substantial limitations that arose out of his disability. An employer is not required to assume that an employee with an impairment suffers from a particular limitation, but may assume instead that the individual can perform his job unless otherwise notified by the employee.

The second fact that the Plaintiff must prove is that the Plaintiff identified and requested an accommodation; and the third fact the Plaintiff must prove is that the requested

accommodation was reasonable, was available and would have allowed the Plaintiff to perform the essential functions of the job.

The fact that an employer may have offered certain accommodations to the Plaintiff, in the past, as a temporary experiment or as an act of compassion toward the employee does not mean that the same accommodations must be forever extended to the Plaintiff as a matter of law, or that those accommodations are necessarily reasonable under the Rehabilitation Act. Otherwise, an employer would be reluctant to offer benefits or concessions to disabled employees for fear that, by once providing the benefit or concession, the employer would forever be required to provide that accommodation. Thus, the fact that an accommodation that the Plaintiff argues for has been provided by the Defendant in the past to the Plaintiff, or to another disabled employee, does not necessarily mean that the particular accommodation is a reasonable one. Instead, you must determine its reasonableness under all the evidence in the case.

Also, you should be mindful that while the employer is required to provide reasonable accommodations that would allow the Plaintiff to perform the essential functions of the job, the employer does not have to provide the particular accommodation that the Plaintiff prefers or requests. There may be more than one reasonable accommodation, and if the Plaintiff refused to accept an accommodation that was offered by the Defendant that would have allowed the Plaintiff to perform the essential functions of the job, then the Plaintiff has failed in carrying his burden of demonstrating that the Defendant refused to offer the Plaintiff a reasonable accommodation.

Definition of "Substantial or Motivating Factor"

Finally, the Plaintiff must prove that the Plaintiff's disability was a substantial or motivating factor that prompted the Defendant to take the challenged employment action. It is not necessary for the Plaintiff to prove that disability was the sole or exclusive reason for the

Defendant's decision. It is sufficient if the Plaintiff proves that the alleged disability was a determining factor that made a difference in the employer's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability. So far as you are concerned in this case, an employer may adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

**Plaintiff's Count V for Hostile Work Environment[1]**

A hostile or abusive work environment is a form of prohibited employment discrimination. More specifically, the Plaintiff claims that he was subjected to a retaliatory, racially and disability motivated hostile work environment as referenced to in the Count V of the Complaint. The Defendant denies the Plaintiff's claim and asserts that Plaintiff was not harassed. In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First: That the Plaintiff was subjected to a hostile or abusive work environment, as hereinafter defined, because he had previously taken steps to enforce his lawful rights under Title VII of the Civil Rights Act and the Rehabilitation Act, and because of his race and disability; and,

---

[1] Defendant does not concede that there is a cause of action in the Eleventh Circuit for disability related hostile work environment. See Wolfe v. Postmaster General, 488 Fed. Appx. 465 (11th Cir. 2012).

| | |
|---|---|
| Second: | That such hostile or abusive work environment was created or permitted by a supervisor with immediate or successively higher authority over the Plaintiff; and, |
| Third: | That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment. |

When harassment is carried out by a supervisor with immediate or successively higher authority over the Plaintiff culminating in an adverse tangible employment action against the Plaintiff, the Defendant employer is responsible under the law for such behavior.

### Plaintiff's Count VI Injunctive Relief against the Defendant

The elements for injunctive relief are as follows

| | |
|---|---|
| First: | There is a substantial likelihood for success on the merits of the case; and, |
| Second: | Irreparable Injury will be suffered by the Plaintiff unless injunction issue; and, |
| Third; | The threatened injury to the Plaintiff is greater than any damage the proposed injunction may cause the opposing party the Defendant; and, |
| Fourth: | The injunction when it is issued will not disserve the public interest |

### The Defendant's Affirmative Defenses are as follows:

**First Affirmative Defense** - Plaintiff failed to properly exhaust administrative remedies

**Second Affirmative Defense** - Plaintiff's claim fails to state a claim upon which relief can be granted under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").42 U.S.C. § 2000e *et seq.*

**Third Affirmative Defense** - Plaintiff's claim for compensatory damages must be struck from the Complaint as having no basis in law, since Plaintiff cannot show intentional discrimination by the Defendant. In any event, such compensatory damages are to be capped pursuant to 42 U.S.C. § 1981a.

**Fourth Affirmative Defense** - Defendant's actions were not the proximate cause of any alleged injuries or damages sustained by Plaintiff.

**Fifth Affirmative Defense** - Plaintiff is not entitled to injunctive relief.

**Sixth Affirmative Defense** - Defendant denies violating Plaintiff's statutory rights. Defendant specifically denies ever allowing/engaging in discrimination and/or retaliation of any type against Plaintiff.

**Seventh Affirmative Defense** - Without waiving the defenses set forth above, and upon which Defendant specifically relies, Defendant states it had legitimate, nondiscriminatory reasons for all of its actions. Defendant did not discriminate or retaliate against Plaintiff.

**Eight Affirmative Defense** - The Court lacks subject matter jurisdiction over those allegations and claims Plaintiff raises in the instant complaint and all other claims for which he did not exhaust his administrative remedies.

**Ninth Affirmative Defense** - Plaintiff has failed to mitigate any damages he claims to have suffered in the form of lost wages by inter alia failing to cooperate with Defendant regarding any possible reassignment to another position within the restrictions given to him by his physician.

**Tenth Affirmative Defense** - Plaintiff's claims are barred by laches, estoppel and/or the statute of limitations, and Plaintiff is not entitled to equitable tolling, for failing to timely present them during the EEO process.

**(3).    A Good Faith Estimate of the Specific Dollar Valuation of the Actual Damages and Other Relief at Issue:**

    Economic:              $250,000

    Emotional Distress:    $300,000

**(4).    The Need for Variance from the Discovery Limitations Imposed by Local Rules and/or the Federal Rules of Civil Procedure, including the Grounds Supporting the Requested Variance.**

16

The parties may need to take more than ten depositions per party, and Defendant may need additional hours for Plaintiff's deposition but the parties will request relief from the Court at a later date if necessary.

Pursuant to the Court's Order Requiring to Meet and File Joint Scheduling Report and Proposed Order and Directing Parties to File Certificates of Interested Parties, the parties hereby attach as Attachment A the form of Pretrial Deadlines, pretrial conference, and Trial Date.

Respectfully Submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
Stephanie I. R. Fidler
Assistant United States Attorney
Florida Bar # 563749
Federal Justice Building
99 NE 4th Street, Third Floor
Miami, FL 33132
Tel: 961-9073
Fax: 305-530-7139
Email: Stephanie.Fidler@usdoj.gov
*Attorney for Defendant*

Dated: 5/17/2013

MERKLE MAGRI & MEYTHALER, P.A.

By: _____
Joseph David Magri
Florida Bar #814490
5415 Mariner Street, Suite 103
Tampa, Florida 33609
Tel: 813-281-9000
Fax: 813-281-2223
Email: jmagri@merklemagri.com
*Attorney for Plaintiff*

Dated: 5/17/13

17